United States District Court
Southern District of Texas
**ENTERED**
March 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Ricky B., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-01755 |
| Andrew Saul, et al., | § § § | |
| *Defendants.* | § § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

On February 13, 2025, counsel for Plaintiff Ricky B. filed a motion requesting attorneys' fees under 42 U.S.C. § 406(b), pursuant to a contingency fee agreement, based on Plaintiff's recovery of disability benefits from the Social Security Administration after the case was remanded by this Court. *See* Dkt. 30 (motion for fees); Dkt. 28 (Court's reversal and remand). Counsel supplemented the motion with a certificate of conference that does not affirmatively reflect Defendants' position on the fee request. *See* Dkt. 34 at 1 (indicating that defense counsel did not respond); *see also* Dkt. 32 (ordering this supplementation). Nevertheless, the motion is deemed unopposed because Defendants have not filed a response. *See* S.D. Tex. L.R. 7.4.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by

an attorney," the court may award counsel a reasonable fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled ...." 42 U.S.C. § 406(b)(1)(A). A request for attorneys' fees under this provision must be timely made. *See Pierce v Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006). Because Section 406(b) does not specify a deadline, Fed. R. Civ. P. 54(d)(2) applies, thereby requiring that a motion be filed "no later than 14 days after entry of judgment." *Pierce*, 440 F.3d at 663.

This case was remanded the case to the Social Security Administration on September 28, 2022, Dkt. 28, which means the 14-day deadline expired on October 12, 2022. Given the impossibility of completing further administrative proceedings in such a short timeframe, however, the Fifth Circuit has noted that the deadline can be "extended by order of the court" so that the plaintiff can seek attorneys' fees after the Commissioner awards benefits. *See Pierce*, 440 F.3d at 664. Nevertheless, this deadline "will not be extended indefinitely and the fee request must be made within a reasonable time." *Chandler v. Kijakazi*, 2023 WL 3818390, at *3 (E.D. Tex. May 19, 2023).

Here, Plaintiff never sought an extension of the deadline for seeking attorneys' fees. The motion does not even acknowledge the timeliness issue. Even if this Court were to hold that the 14-day deadline for seeking Section 406(b) fees runs from the notice of a favorable award, counsel's motion comes much too late. As the motion reflects, Plaintiff received a favorable decision on

September 29, 2023.  *See* Dkt. 30 at 2.  And on February 10, 2024, counsel received a Request for Evidence from the Social Security Administration, disclosing that 25% of Plaintiff's recovery was withheld as potential attorneys' fees.  *See id.*; *see also* Dkt. 30-2 (notice advising that the Administration had not "received an order from the court for your fee on" Plaintiff's behalf).  Yet counsel waited until February 13, 2025—18 months after the favorable administrative decision and more than a year after receiving the Request for Evidence—to file the instant motion.  *See* Dkt. 30 (filed Feb. 13, 2025).

Courts have deemed comparably delayed fee requests to be untimely.  *See Rice v. Astrue*, 831 F. Supp. 2d 971, 981-82 (N.D. Tex. 2011) (13-month delay was too long; denying Section 406(b) fees, despite the Commissioner's stance the fee application was timely); *Taharah v. Astrue*, 2011 WL 1882821, at *1 (S.D. Tex. May 16, 2011) (same).  And Plaintiff's counsel has provided no explanation for the delay, much less attempted to justify it.  Accordingly, the motion requesting attorneys' fees should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. 30), as supplemented (Dkt. 34) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed.**

R. Civ. P. 72(b).  **Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.**  ***Ortiz v. City of San Antonio Fire Dep't***, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on March 27, 2025, at Houston, Texas.

_____

Yvonne Y. Ho
United States Magistrate Judge